IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21–18–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| MICHAEL SCOTT NARON, | |
| Defendant. | |

Defendant Michael Scott Naron moves unopposed for an "ends of justice" continuance of the trial in the above-captioned matter. (Doc. 31.) This case is currently set for trial on April 18, 2022. (Doc. 24.)

A district court may grant a continuance and exclude the time period from the calculation of the speedy trial deadline when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether an "ends of justice" continuance is appropriate, a district court must consider, *inter alia*, whether the failure to grant the continuance would be likely to make a continuation of such proceeding impossible or would result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate

1

preparation within the time limits imposed by the Speedy Trial Act; and whether the failure to grant the continuance in a case that is not unusual or complex would nonetheless deny counsel the reasonable time necessary for effective preparation. *Id.* § 3161(h)(7)(B). An ends of justice continuance must be specifically limited in time and must be justified on the record by the facts as of the time the continuance is granted. *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). The time is properly excluded only if the court makes findings pursuant to § 3161(h)(7). *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

Here, Naron argues that the failure to grant a continuance will result in a miscarriage of justice and deny counsel the reasonable time necessary for effective preparation. *See* § 3161(h)(7)(B)(i), (iv). His request is based on the nature of the charges the government has lodged against him and the fact that most of the government's discovery has been marked as "sensitive." (Doc. 32 at 4.) But these features are typical of most cases, and Naron does not explain why additional time is needed to address such commonplace aspects of pretrial preparation. Moreover, the basis of Naron's previous motion to dismiss was that Naron has already been in pretrial custody for an unreasonable amount of time, and the current request for an extension of time to prepare is incongruent with that position.

Accordingly, IT IS ORDERED that Naron's motion to continue the trial in this matter (Doc. 31) is DENIED subject to renewal with a specific and adequate

showing that the "ends of justice" would be served by such a continuance.

Nevertheless, in light of the pending motion to dismiss and attendant hearing, IT IS ORDERED that the April 7, 2022 plea agreement deadline is VACATED and RESET to April 13, 2022, at 5:00 p.m.

DATED this 7th day of April, 2022.

Donald W. Molloy, District Judge
United States District Court