IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21–18–M–DWM |
| Plaintiff, | |
| vs. | OPINION & ORDER |
| MICHAEL SCOTT NARON, | |
| Defendant. | |

Defendant Michael Scott Naron was indicted on two counts: (1) conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846, and (2) possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Naron moved to dismiss the Indictment with prejudice on the grounds that he was not promptly presented before a magistrate. A hearing on the motion to dismiss was held on April 7, 2022. Because there is no presentment issue and dismissal is an extraordinary remedy, Naron's motion is denied.

## BACKGROUND

Naron was indicted on the present charges on April 28, 2021, (Doc. 2), and a warrant issued the next day, (Doc. 23). However, before the warrant on the present charges was executed, Naron was incarcerated in the Kootenai County Jail in Idaho on July 17, 2021. (Doc. 28-1 at 1 ("Exhibit A").) That same day, Naron appeared

1

in Idaho state court, and was detained on a $25,000 bond. (*Id.* at 5 ("Exhibit C").) Also on July 17, 2021, the United States Marshals placed a federal detainer on Naron. (*Id.*)

Naron was ultimately charged by information in Idaho for possession of a controlled substance, possession of a stolen vehicle, and possession of paraphernalia in violation of Idaho law. (*Id.* at 2 ("Exhibit B").) He pleaded guilty to the possession of a controlled substance charge and on October 26, 2021, he was sentenced to a seven-year fully suspended sentence. (*Id.* at 7–11 ("Exhibit D").) Despite his fully suspended sentence, Naron remained in the Kootenia County Jail until January 27, 2022. (Exhibit A.)

In the interim, on January 11, 2022, the government petitioned for a writ of habeas corpus to the Sheriff of the Kootenai County Jail and the United States Marshal for the District of Montana to bring Naron before this Court for an initial appearance. (Doc. 8.) The writ was issued that same day, and Naron's arraignment was set for February 11, 2022, before United States Magistrate Judge DeSoto. (Doc. 10.) The April 2021 warrant was then executed on January 19, 2022. (Doc. 23.) On January 20, 2022, Naron appeared before a federal magistrate in the United States District Court for the District of Idaho. (Doc. 11.) Naron remained in custody, (*id.*; *see also* Doc. 28 at 3), and he was transported to the Missoula County Detention facility on January 27, 2022, (Doc. 23 at 15

("Exhibit F").) On February 17, 2022, Naron had his initial appearance and arraignment in the District of Montana, and he entered a plea of not guilty on all counts. (Doc. 17.) He was remanded and remains in custody. A hearing on Naron's motion to dismiss was held on April 7, 2022, and a jury trial is currently set for April 18, 2022. (*See* Doc. 24.)

## ANALYSIS

The Fourth and Fifth Amendment afford a defendant the right to prompt presentment before a magistrate following the defendant's arrest. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 352 (2001) ("[A]nyone arrested for a crime without formal process, whether for felony or misdemeanor, is entitled to a magistrate's review of probable cause within 48 hours."); *see also Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 54 (1991) ("[P]robable cause determinations must be prompt—not immediate."). Additionally, under Rule 5(a)(1)(A) of the Federal Rules of Criminal Procedure, "[a] person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge, or before a state or local judicial officer as Rule 5(c) provides, unless a statute provides otherwise."

Notably, the presentment right under both the federal constitution and the federal rules is triggered upon a defendant's arrest, not merely the defendant's detainment. The distinction between a federal detainer and federal custody is an

3

important one that is rooted in principles of federalism. "When two autonomous jurisdictions are involved, as for example when a federal detainer is placed against an inmate of a state institution, a detainer is a matter of comity." *Moody v. Daggett*, 429 U.S. 78, 80 n.2 (1976). Essentially, a detainer is "an internal administrative mechanism" that ensures a defendant who is already in custody by one sovereign "will not be released from custody" until the other sovereign "has had an opportunity to act in th[e] case by taking the inmate into custody[.]" *Id.*

Here, Naron argues that he was not promptly presented before a magistrate in violation of Rules 5 and 9[1] of the Federal Rules of Criminal Procedure and in violation of his Fifth Amendment right to due process because he remained in custody from the time he was sentenced on the Idaho charges to the time the federal writ was issued. But contrary to Naron's contention that he "has been in continuous and exclusive federal custody since October 26, 2021, because the government placed a federal hold on him," (Doc. 28 at 9), *Moody* makes clear that the federal detainer did not transform Naron's state custody in Idaho into federal custody. The government's comparison of this case to *United States v. Copley*, 774 F.2d 728, 729 (6th Cir. 1985), is helpful in explaining why no transformation

---

[1] Although Naron cites Rule 9 of the Federal Rules of Criminal Procedure as a basis for his motion to dismiss, he does not elaborate on any purported Rule 9 violation, and the record does not show that such a violation exists.

to federal custody occurred despite the imposition of a suspended sentence on Naron's state charges.

In *Copley*, the defendant was taken into custody on state charges and subject to a federal detainer. *Id.* at 729. The state grand jury returned a No Bill against the defendant, but he remained in custody due to a computer error that prevented the state from informing the United States of the defendant's status on the state charges. *Id.* After two months, the state recognized the error, and the defendant was then taken by the Marshal Service to an arraignment before a magistrate. *Id.* The defendant brought a motion to dismiss the federal indictment on the basis that he was not promptly presented—albeit under the Speedy Trial Act rather than the under the Federal Rules of Criminal Procedure or Due Process Clause—and that motion was denied by the district court. *Id.* The Sixth Circuit affirmed the district court on appeal, framing the issue as "whether the federal detainer served to significantly restrain defendant's liberty for purposes of responding to a federal charge." *Id.* at 730. The Sixth Circuit determined that the district court did not err in finding "the detainer was not used by the federal authorities as a request that the [state] Police Department hold [the defendant] to answer for federal charges, but rather was used as a request that the [state] Police Department notify the United States Marshal's Office when [his] release was imminent." *Id.*

Likewise, "the detainer in this case was not the source of the significant limitation of liberty effected by defendant's state custody." *Id.* at 730–31. The government became aware of Naron's sentencing status on the Idaho charges on January 10, 2022, (Doc. 30 at 3), and it petitioned for a writ of habeas corpus ad prosequendum the next day, (Doc. 8). The record indicates that the Kootenai County Sheriff's Office admitted to a "flawed" procedure so that "the Marshal's Service was not notified when [Naron] was complete with local charges." (Doc. 30-1 at 1.) Thus, given that the government was unaware of Naron's status due to a problem with Idaho's procedures, like in *Copley*, the federal detainer here was not a device used to answer for the federal charges; accordingly, the detainer did not serve as the functional equivalent of an arrest so as to trigger presentment concerns.

Ultimately, Naron conflates federal custody with a federal detainer, but only under the former were his presentment rights under the Criminal Rules and the Fifth Amendment triggered. The record shows that, as soon as the federal warrant was executed against Naron, (Doc. 23), he was presented before a magistrate in the District of Idaho within 48 hours, (Doc. 11). In accordance with Federal Rule of Criminal Procedure 5(c)(2), (3), he was then transferred to the District of Montana, (*id.*), and seen before Magistrate Judge DeSoto, (Doc. 17). Thus, the execution of the federal warrant triggered Naron's presentment rights under the Criminal Rules

and the Due Process Clause, and the record shows that he was promptly presented before the Magistrate on the federal charges following the warrant's execution.[2]

## CONCLUSION

For the reasons stated above, IT IS ORDERED that Naron's motion to dismiss the Indictment, (Doc. 27), is DENIED.

DATED this 7th day of April, 2022.

Donald W. Molloy, District Judge
United States District Court

---

[2] In the event the defendant was convicted on the current charges and received a custodial sentence, there is a possibility that any time spent in Idaho custody would be credited toward a federal custodial sentence. *See* 18 U.S.C. § 3585(b).