Case 9:21-cr-00018-DWM   Document 61   Filed 11/21/24   Page 1 of 1

AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)     Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
для the
District of Montana

United States of America
v.
Michael Scott Naron

Case No: 9:21-cr-00018-DWM
USM No: 81491-509

Date of Original Judgment: 09/02/2022

Date of Previous Amended Judgment: _____
*(Use Date of Last Amended Judgment if Any)*

David. F. Ness
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of [✓] the defendant [ ] the Director of the Bureau of Prisons [ ] the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
[✓]DENIED.  [ ]GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

The Defendant seeks a sentence reduction under the retroactive application of the "Status Points" provision in Part A of Amendment 821 to the United States Sentencing Guidelines, specifically requesting his sentence be reduced from 76 to 63 months. (*See* Doc. 55.) That motion is denied.

In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision so a person who presents seven criminal history points or more now receives one additional status criminal point, instead of two, and a person who presents six criminal history points or fewer now receives no status points. *See* USSG App. C, amend. 821, pt. A (2023) (amending USSG § 4A1.1(e)). Pursuant to 18 U.S.C. § 3582, USSG § 1B.10, and Amendment 821, Naron is entitled to a one-point reduction in his criminal history score, which lowers his criminal history category from V to IV, and his recommended guideline range from 100–125 months to 85–105 months. At sentencing the Court granted the government's motion for a downward departure and imposed a sentence of 76 months in custody. (*See* Doc. 51 (Judg.).)

The Court may reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) only after consideration of the § 3553(a) sentencing factors. *Dillon v. United States*, 560 U.S. 817, 826 (2010). Here, Defendant poses a risk to the community based on his criminal history of numerous drug-related convictions, the nature and severity of his offense involving firearms and drug trafficking, his recent misconduct of assault within BOP, and his lack of treatment progress in custody. (*See* PSR Add.; Adjusted Sentencing Rec.) These circumstances and conduct indicate that Defendant may engage in criminal conduct again in the future and does not respect the law. Accordingly, the § 3553(a) sentencing factors do not support a sentence reduction. Defendant's original sentence of 76 months remains sufficient, but not greater than necessary, notwithstanding the reduction to his advisory guideline range. Therefore, Defendant's motion, (Doc. 55), is denied.

Except as otherwise provided, all provisions of the judgment dated  09/02/2022  shall remain in effect.
**IT IS SO ORDERED.**

Order Date: November 21, 2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Honorable Donald W. Molloy, District Judge
*Printed name and title*